UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TREHEARNEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR COUNTY,<br><br>　　　　Defendants. | No. 2:22-cv-00254 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former[1] county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants deprived him of outdoor exercise in violation of his Fourteenth Amendment rights.

On December 12, 2022, defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (ECF No. 11.) Plaintiff has not filed an opposition or statement of non-opposition. By order dated April 4, 2023,

---

[1] Review of the Amador County inmate locator website found at: https://acsd.crimegraphics.com/2013/default.aspx, indicates that plaintiff is no longer in custody. The court may take judicial notice of information stored on the Amador County Sheriff's Office inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn. 4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

1

plaintiff was ordered to file an opposition, if any, within thirty days. (ECF No. 14.) On May 23, 2023, defendants filed a Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute and failure to comply with a court order. (ECF No. 15.) Given plaintiff's failure to respond, the undersigned will recommend that this action be dismissed for failure to prosecute and comply with court orders.

## I.     Legal Standard

The district court may dismiss an action for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that district courts can dismiss a pro se litigant's civil rights action for failing to file an amended complaint and doing so was not an abuse of discretion. Id. at 1261. The Ninth Circuit relied on a long line of authority providing that the following factors be weighed in deciding to dismiss a case for a litigant's failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423–24 (9th Cir.1986); Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.1986); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984).

## II.    Analysis

### A. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since February 3, 2022. (ECF No. 1 at 4.) Defendants filed their motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted on December 12, 2022. (ECF No. 11.) Plaintiff has not filed an opposition, statement of non-opposition, requested additional time to file an opposition, or otherwise responded to the court's order. This factor weighs in favor of dismissal.

////

////

### B. Court's Need to Manage its Docket

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1961). District courts maintain the power to manage their dockets. Since the complaint was filed, plaintiff has failed to comply with court orders and move litigation forward. As a result, this factor weighs in favor of dismissal.

### C. Risk of Prejudice to Defendants

"[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to respond to defendant's motion delaying a resolution of this action. Additionally, plaintiff failed to update his address in violation of Local Rule 183 indicating that he has lost interest in pursuing litigation. Given the risk of prejudice to defendants, this factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition of Cases on Their Merits

The public policy favoring resolution on the merits weighs against dismissal. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (stating that the public policy favoring resolution on the merits "is particularly important in civil rights cases").

### E. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can meet the "consideration of alternatives" requirement. Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir.1984). Plaintiff was notified that failing to file a timely opposition, or statement of non-opposition, would result in a recommendation that this action be dismissed. (ECF No. 14.)

Four of the five factors support dismissal; courts may affirm a dismissal where all five factors are not satisfied. See Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (noting that four factors heavily supporting dismissal outweigh one against dismissal). Accordingly, the undersigned will recommend that this action be dismissed for failure to comply with court orders and failure to prosecute.

////

3

### III.   Conclusion

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a United States District Judge.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be grated (ECF No. 11.) be denied as moot; and

2. Defendant's Fed. R. Civ. P. 41(b) motion to dismiss plaintiff's complaint for failure to prosecute and failure to comply with a court order (ECF No. 15.) be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Parties have twenty days from service of these findings and recommendations to file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 13, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:Exter
DB/DB Prisoner Inbox/Civil Rights/S/treh0254.mtd fr

4