UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TREHEARNE,<br><br>        Plaintiff,<br><br>    v.<br><br>AMADOR COUNTY,<br><br>        Defendants. | No. 2:22-cv-00254 TLN DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former[1] county inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was deprived outdoor exercise in violation of his constitutional rights. For the reasons set forth below, the undersigned will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Background**

Plaintiff initiated this action with the filing of the complaint. (ECF No. 1.) Upon screening, the undersigned determined the complaint stated a potentially cognizable claim for denial of his right to outdoor exercise against Amador County. (ECF No. 5.) Following service,

---

[1] Review of the Amador County inmate locator website indicates that plaintiff is no longer in custody. The court may take judicial notice of information stored on Amador County's inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn. 4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

1

1  defendant filed a motion to dismiss. (ECF No. 11.) Plaintiff failed to timely file an opposition or
2  statement of no opposition. The undersigned issued an order to show cause directing plaintiff to
3  file an opposition, if any, within thirty days. (ECF No. 14.) Those thirty days passed, and
4  plaintiff failed to file an opposition or statement of no opposition, updated his address, or
5  otherwise respond to the court's order.

6  The undersigned issued findings and recommendations recommending that this action be
7  dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 16.)
8  Thereafter, plaintiff filed objections indicating that he failed to respond because he was released
9  without any of his paperwork. (ECF No. 17.) By order dated Jully 27, 2023, the findings and
10 recommendations were vacated, and plaintiff was directed to file an opposition or statement of no
11 opposition to defendant's motion to dismiss within thirty days. Those thirty days have passed,
12 and plaintiff has not filed an opposition, statement of no opposition, requested additional time to
13 do so, or otherwise responded to the court's order. Given plaintiff's failure, the undersigned will
14 again recommend that this action be dismissed for failure to prosecute and failure to comply with
15 court orders.

16  **II.    Legal Standards**

17  "District courts have the inherent power to control their dockets and in the exercise of that
18 power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v.
19 L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260
20 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal,
21 since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most
22 extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d
23 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or
24 failure to comply with a court order, the court must weigh the following factors: (1) the public's
25 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
26 risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public
27 policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.
28 ////

**III.   Analysis**

   **A.  Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since February 3, 2022.[2]  (ECF No. 1 at 4.)  Defendant's motion to dismiss has been pending since December 12, 2022.  (ECF No. 11.)  Plaintiff has not filed an opposition, statement of non-opposition, requested additional time to file an opposition, or otherwise responded to the court's order.  This factor weighs in favor of dismissal.

   **B.  Court's Need to Manage its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As set forth above, plaintiff has stopped responding to court orders.  Thus, it appears he has lost interest in litigating this action.  Further, time spent by the court on this action would consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.  Accordingly, this factor weighs in favor of dismissal.

   **C.  Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish, 191 F.3d at 991.)

Plaintiff's failure to oppose the motion for summary judgment, has prejudiced defendant by hindering resolution of this action.  Ciria v. Blackwell, No. 2:10-cv-1351 TLN DAD P, 2014

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

3

WL 11774839 at *2 ("Plaintiff's failure to oppose defendant's motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action . . . ."); Mitchell v. Garrett, 2019 WL 2544522 at *2 (E.D. Cal. June 20, 2019) ("Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense."). Accordingly, this factor weighs in favor of dismissal.

### D.  Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised of his duty to oppose defendant's motion to dismiss. (ECF Nos. 14 at 2; ECF No. 16 at 2.) In light of the warnings plaintiff received, the court finds this factor weighs in favor of dismissal.

### E.  Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

### IV.   Conclusion

The undersigned finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public policy favoring disposition on the merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 11) be denied as moot; and

2. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1  objections shall be filed and served within fourteen days after service of the objections. The
2  parties are advised that the failure to file objections within the specified time may waive the right
3  to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  Dated: October 25, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/treh0254.f&r.no oppo.mtd